**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JORGE REYES-MEDINA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 26-cv-990-LKG |
| | ) | |
| v. | ) | Dated: April 14, 2026 |
| | ) | |
| MARKWAYNE MULLIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## ORDER

On March 6, 2026, the Petitioner filed the petition for a writ of habeas corpus, in the above-captioned civil matter. ECF No. 1. On March 10, 2026, the parties filed a joint notice, stating that the parties stipulate that the facts in this current habeas petition do not differ in any material fashion from those in *Velasquez v. Noem*, No. 25-cv-3215- GLR, 2025 WL 3003684 (D. Md. Oct. 27, 2025), ECF No. 8 and *Villanueva Funes v. Noem*, No. 25-cv-03860-TDC, ECF Nos. 13, 14. ECF No. 7 at 1. On April 1, 2026, the Petitioner filed a motion for a judgment on the pleadings. ECF No. 8.

And so, in light of the foregoing, the Court:

(1) **GRANTS-in-PART and DENIES-in-PART** the Petitioner's petition for writ of habeas corpus (ECF No. 1);

(2) **GRANTS** the Petitioner's motion for a judgment on the pleadings (ECF No. 8); and

(3) **ORDERS** that:

    a.  The Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a bond hearing consistent with 8 C.F.R. § 236.1(d), 8 C.F.R. § 1003.19 and 8 C.F.R. § 1236.1(d).

    b.  **On or before April 24, 2026**, the Respondents shall return the Petitioner to Maryland and provide an initial determination by an immigration officer on the Petitioner's bond or detention under 8 U.S.C. § 1226(a).

c. If the immigration officer does not release the Petitioner on a bond, the Respondents shall arrange for the Petitioner to receive, **on or before April 24, 2026**, a bond hearing before an immigration judge, at which he can be represented by his present counsel, in an Immigration Court with jurisdiction, or with administrative control, over the Petitioner's detention.

d. The bond hearing shall be conducted under 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.l, 1003.19, and 1236.l, and the Respondents shall provide the Petitioner with any other process due to him under these provisions.

e. If the Petitioner is not released on bond by an immigration officer, or provided with a bond hearing before an immigration judge, **on or before April 24, 2026**, the Respondents shall release the Petitioner from custody. If released, the Petitioner may be subject to conditions, including a requirement that he appear at a bond hearing at the Immigration Court in Baltimore, Maryland or Hyattsville, Maryland.

**IT IS FURTHER ORDERED** that the Court shall **RETAIN** jurisdiction of this matter to enforce compliance with this Order.

**IT IS FURTHER ORDRED** that the parties shall **FILE** a joint status report **on or before May 1, 2026,** to confirm if the Respondents have provided the Petitioner with a bond hearing. If the Petitioner has not been released from custody, the Respondents shall state whether and when a bond hearing was held in accordance with this Order and shall further inform the Court of the grounds for the immigration judge's decision; and if the Petitioner has been released or otherwise received the relief sought, the parties shall so advice the Court and, if appropriate, file a notice of dismissal.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

2